608

[No. 33160. Department One. May 12, 1955.]

JAMES E. KENNETT, *Respondent*, v. DAVID S. GILMORE et al., Appellants.[1]

*John E. Belcher*, for appellant.

OTT, J.—James E. Kennett, a licensed real-estate salesman, commenced this action against his employers, David S. Gilmore and Lee Gilmore, his wife, doing business as Hi-Point Realty Company, licensed real-estate brokers. The complaint set out four separate causes of action, alleging that certain sales commissions were due him.

[1]Reported in 283 P. (2d) 977.

In his first cause of action, plaintiff alleged that $225 was due and owing. The defendants answered, admitting the amount due but alleging an offset of $61.75, and tendered the balance of $163.25 into court. They denied that anything was due plaintiff on the three remaining causes of action, and affirmatively pleaded the defense of accord and satisfaction. Plaintiff, in his reply, refused the tender and denied the affirmative defense.

At the close of plaintiff's case, defendants moved to dismiss each of the four causes of action. The motion was granted as to causes three and four. The jury returned a verdict of $163.25 on the first cause of action, and of $550 on plaintiff's second cause of action.

From the judgment entered upon the verdict of the jury, the defendants have appealed.

The appellants' first assignment of error is stated as follows:

"The trial court erred in denying defendants' challenge to the sufficiency of the evidence to submit to the jury the second cause of action, since the second and third causes of action were so closely entwined that one could not be intelligently considered without the other and since the court withdrew from the consideration of the jury all evidence and exhibits on the third cause of action."

In the first portion of the assignment, appellants challenge the sufficiency of the evidence with reference to the second cause of action, because the evidence in the second and third causes was so closely related that one could not be considered without the other.

By their motion, the appellants admitted the truth of plaintiff's evidence and all inferences reasonably to be drawn therefrom, and that the court must interpret the evidence most strongly against the defendants and in the light most favorable to the plaintiff. *LaMoreaux v. Fosket,* 45 Wn. (2d) 249, 273 P. (2d) 795 (1954), and cases cited. From our examination of the record, we concur with the trial court that there was sufficient evidence to merit submitting the second cause of action to the jury.

In the second portion of this assignment, appellants contend that, since some of the exhibits which were admitted with reference to cause three tended to establish their defense in cause two, such exhibits should have been sent to the jury for its consideration in connection with the second cause of action.

■ After the court had granted appellants' motion to dismiss cause three, all exhibits pertaining to that cause of action were properly withdrawn from the consideration of the jury. It was appellants' duty to reoffer such of the withdrawn exhibits as they deemed essential to their defense of cause two. This they failed to do. We conclude, therefore, that the court did not err as alleged in appellants' first assignment.

In their second assignment, appellants contend that the court erred in refusing to hold, as a matter of law, that there was an accord and satisfaction.

■ The proof of accord and satisfaction, as shown by the record, was not so clear as to merit a finding that the minds of reasonable men could not differ thereon. The court, therefore, properly submitted this question to the jury for its determination. *Pink v. Rayonier, Inc.*, 42 Wn. (2d) 768, 772, 259 P. (2d) 629 (1953).

Further, in instruction No. 4, the court instructed the jury with reference to the defense of accord and satisfaction as follows:

"If you should find that the parties were in dispute as to the amount due plaintiff on the laundry sale and that the defendants offered a certain amount in full, then if you should find that the plaintiff accepted such offered payment, knowing it was offered in full payment, then the dispute is ended and the plaintiff cannot recover on the second cause of action."

■■ This instruction was not excepted to, and became the law of the case. *Irvin v. Spear*, 41 Wn. (2d) 224, 227, 248 P. (2d) 404 (1952), and cases cited. There was sufficient evidence, if believed by the jury, to sustain its verdict that the defense of accord and satisfaction had not been established.

We find no merit in appellants' remaining assignments of error.

The judgment appealed from is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

June 16, 1955. Petition for rehearing denied.