[No. 34897. Department One. June 18, 1959.]

HARRY ENGLER, *Appellant,* v. R. L. WOODMAN *et al.,* *Respondents.*[1]

[1]Reported in 340 P. (2d) 563.

*Greive & Law* (*Roderick D. Dimoff*, of counsel), for appellant.

*Hullin, Ehrlichman, Carroll & Roberts*, for respondents.

OTT, J.—August 26, 1957, at approximately 7:15 a. m., Harry Engler was driving his Chevrolet panel truck north on Myers way in King county and, when he slowed down for traffic ahead, it was struck in the rear by a car driven

by James L. Early. Early had also slowed down for traffic, but his car was forced into the Engler truck when it was struck in the rear by a car driven by R. L. Woodman.

Engler commenced this action against both Early and Woodman, alleging negligence on their part which resulted in damage to his truck and personal injuries. Early was dismissed from the cause at the beginning of the trial. The jury returned a verdict for the defendant.

From a judgment of dismissal, Engler appeals.

Appellant's principal assignment of error is that the court refused to find liability, as a matter of law, and submit to the jury only the determination of the amount of appellant's damages.

The record discloses that respondent was driving three car lengths behind the Early automobile at a speed of "five or ten miles an hour"; that a line of traffic had slowed down for a stop light at an intersection several blocks away; that the collision occurred on a curve in the road, and that Woodman was not aware that the traffic line was coming to a stop until his car rounded the curve. The court instructed the jury as follows:

Instruction No. 7: "The laws of the State of Washington provide: 'Every person operating or driving a vehicle of any character upon the public highways of this state shall operate the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of the traffic, weight of vehicle, grade and width of highway, condition of surface and freedom of obstruction to view ahead and consistent with any and all conditions existing at the point of operation so as not to unduly or unreasonably endanger the life, limb, property or other rights of any person entitled to the use of such public highways.'

"The maximum lawful speed at the place here in question was 35 miles per hour."

Instruction No. 8: "The laws of the State of Washington provide: 'It shall be unlawful for the operator of a motor vehicle to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.' "

▪■■■ The instructions were in the language of the statute, and were proper instructions as to the law. Whether, under the facts in this case, the respondent operated his automobile in a careful and prudent manner, and at a rate of speed that was "reasonable and proper under the conditions," are matters upon which the minds of reasonable men might differ, and that issue was properly submitted to the jury. See *Kennett v. Gilmore,* 46 Wn. (2d) 608, 610, 283 P. (2d) 977 (1955).

■■■ Appellant next assigns error to the sufficiency of the identity of certain X rays admitted in evidence. The questioned X rays were used, by agreement of counsel, in lieu of taking further X rays. Appellant Engler signed a statement waiving privilege. The X rays were used in a pretrial examination without objection. The trial court ruled that the identity of the questioned X rays was established. Under these facts, the court did not err in admitting the exhibits in evidence.

Appellant assigns error to the testimony of Dr. Goss that the visual fields of appellant were normal, based upon the doctor's analysis of his office record which contained visual field charts prepared by his technician in accordance with the doctor's instructions. The preparation of these charts was checked by the doctor during the course of appellant's examination by the technician. The doctor testified that the visual fields of the appellant were normal. He based his opinion principally upon his office record, which contained the charts prepared as above indicated. The voir dire and cross-examination established that, if the technician did not follow the doctor's instructions, then his determination of normal visual fields from the charts would have no probative value.

■■■ The office record was not offered in evidence, nor did the appellant attempt to prove that the charts were improperly made. The challenge went only to the credibility of the office record, and its inaccuracy was not established by appellant, who challenged it. The court did not err in refusing to strike the testimony of Dr. Goss.

■ Appellant next assigns error to the use of his pretrial deposition by the respondent to establish that statements made in appellant's deposition were inconsistent with his testimony at the trial. The basis of the objections was that the impeaching answers were taken out of context and a proper foundation was not laid. The court overruled the objections and, in its ruling, granted the appellant leave to explain the alleged inconsistencies on redirect examination. The appellant used the deposition on redirect for this purpose, and it was for the jury to determine whether impeachment was, in fact, established. We find no merit in this assignment.

Appellant assigns error to an alleged comment on the evidence by the court. The record discloses that the statement was directed to counsel regarding the lack of clarity of one of counsel's questions propounded to an expert witness.

■ We find no merit in this assignment for the reason that the comment was directed to counsel in the orderly trial of the case, and we have held that such statements are not prohibited by the constitution. *Heitfeld v. Benevolent & Protective Order of Keglers,* 36 Wn. (2d) 685, 706, 220 P. (2d) 655, 18 A. L. R. 983 (1950). Further, there was no request that the court instruct the jury to disregard the statement, if appellant, at that time, believed it was prejudicial to his cause, and the court, in its instruction No. 2, stated, *inter alia:*

"The court is not permitted to comment on the evidence, and it has not intentionally done so. If it has appeared to you that the court during the trial, or in the giving of these instructions, has commented on the evidence, you shall disregard such comment entirely."

We have examined the remaining assignments of error, and a discussion of them would serve no useful purpose. They relate to the credibility and weight to be given to the evidence, both of which are solely jury determinations.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.

July 29, 1959. Petition for rehearing denied.

